FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
JUL 30 2025
MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT

for the
District of New Mexico

In the Matter of the Tracking of
*(Identify the person to be tracked or describe the object or property to be used for tracking)*
White, 2006, Eagle Vacuum Truck with New Mexico License Plate 1464FTL and VIN number 24150PM46189396

Case No. 25MR1255

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 18 U.S.C. § 659 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
The Subject Vehicle, [color, year, make, and model of vehicle] with NM license plate XXX and VIN number XXX.

☑ Delayed notice of 30 days (give exact ending date if more than 30 days: ________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

TRENT BOONE Digitally signed by TRENT BOONE Date: 2025.07.29 14:05:24 -06'00'
*Applicant's signature*

Trent Boone, Special Agent
*Applicant's printed name and title*

Electronically signed and telephonically sworn

Date: 07/30/2025

[signature]
*Judge's signature*

City and state: Las Cruces, New Mexico

Gregory B. Wormuth, Chief U.S. Magistrate Judge
*Printed name and title*

GOVERNMENT EXHIBIT 1

AFFIDAVIT IN SUPPORT OF AN APPLICATION TO INSTALL, MONITOR AND SERVICE A MOBILE TRACKING DEVICE, PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE RULE 41

1. I am a Special Agent in the Bureau of Land Management (BLM), United States Department of Interior. I have been employed since June 2015. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2507(7) and am empowered by law to conduct investigations and to make arrest for offenses enumerated in 18 U.S.C. § 2516.

2. My experience as a Special Agent includes, but is not limited to, conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records, I have become familiar with the manner in which crude oil theft operations are structured, to include how the crude oil is stolen, transported, and sold.

3. Based off my training and experience I have knowledge of how oil theft schemes typically involve a series of coordinated illegal activities aimed at stealing crude oil from pipelines or tank batteries (oil storage tanks). Suspects identify vulnerable locations in the oilfield and either recruit an employee of the oil company to help facilitate the theft or monitor the area with multiple lookout vehicles while the theft occurs. Most crude oil thefts involve using water hauling vacuum trucks which are prevalent in the oilfield and can carry up to 130 barrels of crude oil per load. The oil is then transported to storage facilities consisting of existing tank batteries or stored in 500-barrel frac tanks that are also prevalent in the oilfield. The crude oil is then sold to a midstream company using fraudulent paperwork or selling it under the disguise of "slop oil".

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions

with other agents of the FBI, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

5. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the installation, monitoring, and servicing of a tracking device, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

6. Based on my investigation, I believe that a white tractor trailer showing a US DOT number 3183291 and company name M.I.S. Services LLC, with the trailer bearing New Mexico license plate 1464FTL, registered to Ayala Lainez at 2320 Wyoming Street, Carlsbad, NM 88220 ("the Subject Vehicle"), is presently being used in furtherance of crude oil theft in violation of 18 U.S.C. § 659. Moreover, probable cause exists to believe that the installation of a tracking device in or on the Subject Vehicle, and use of the tracking device, will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes. The sources of my information and the grounds for my belief are as follows.

7. On June 18th, 2025, an FBI Special Agent of the Midland, Texas Resident Agency Office was notified by a source of information that Maxwell Jensen was seeking to orchestrate a scheme in which he would pay off employees of oil production companies for crude oil. The source

explained to FBI that Jensen would be storing the stolen oil at a 4154 7 Rivers Highway, Carlsbad, New Mexico, and that Jensen was seeking a vacuum truck driver to pick up oil from third party locations. FBI notified me of the scheme. The source later reported that the same location was used to receive approximately 600 barrels of oil every day. At current crude oil prices 600 barrels is valued at $39,000 per day.

8. I started doing periodic surveillance of the location. The location has three 500-barrel frac tanks and a white in color water hauling vacuum truck that was frequently parked there. From experience on other recent cases, I know that crude oil thieves utilize frac tanks to store stolen crude oil and vacuum trucks are being used to steal millions of dollars' worth of crude oil from a variety of locations, including oil pipelines. This vacuum truck is bearing US DOT number 3183291 and a company name M.I.S. LLC in red lettering on the side of the truck.

9. On July 22, 2025, I observed the vacuum truck leaving the location. I followed from a distance while the vacuum truck went out into the oilfield. I observed the vacuum truck drive up to a Plains All American Pipeline site, located at coordinates 32.62494 -104.10080 and hook up to a portion of the pipeline at the site. I left the area and returned later to photograph the scene. While I was leaving the area after taking photos, I observed that the vacuum truck had already returned to another Plains All American Pipeline site, located at coordinates 32.65158 -104.10264 on the same pipeline. A Plains All American company truck was there assisting the vacuum truck driver, suggesting that a Plains All American employee may be complicit in the scheme.

10. Based on my training, experience, and participation in this investigation, I believe that there is probable cause that the Subject Vehicle has been and will continue to be used to further a crude oil theft operation, in violation of 18 U.S.C. § 659. Based on my training and experience, as well as my knowledge of these actors, I believe Maxwell Jensen will continue to be involved in the

aforementioned criminal activity. I further believe that Maxwell Jensen will use the Subject Vehicle in furtherance of that activity.

11. Based on my training, experience, and participation in this investigation, I believe that there is probable cause to believe that the installation and monitoring of a mobile tracking device on the Subject Vehicle will lead to evidence of the aforementioned crimes as well as to the identification of other individuals who are engaged in the commission of these crimes, including, but not limited to the location of where crude oil is being stolen and stored until sold.

12. In order to track the movement of the Subject Vehicle effectively and to decrease the chance of detection, I seek to place a tracking device in or on the Subject Vehicle while it is in the District of New Mexico. As the Subject Vehicle has been observed by agents parked at 4156 Seven Rivers Highway in Carlsbad, NM, and it may be necessary to enter onto private property in order to affect the installation, repair, replacement, and removal of the tracking device. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

13. In the event that the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for the period of 45 days from the date the warrant is issued. The tracking device may produce signals from inside private garages or other such location not open to the public or visual surveillance.

14. I request that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the flight of fugitives, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be

maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the BLM, and federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

15. In accordance with 18 U.S.C. 3103a (b) and Federal Rule of Criminal Procedure 41(f)(3), I request that notification of the execution of the warrant be delayed for a period not to exceed 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

16. WHEREFORE, I respectively request that the Court issue a warrant authorizing members of BLM or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the Subject Vehicle within the District of New Mexico within 10 calendar days of the issuance of the requested warrant, to perform any necessary maintenance, including changing the batteries, and to remove said tracking device from the Subject Vehicle after the use of the tracking device has ended. Agents also request permission to surreptitiously enter private property and/or move the Subject Vehicle to effect the installation, repair, replacement, and removal of the tracking device, and to monitor the tracking device, for a period of 45 days following from the date of the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of New Mexico. I further request that the BLM be allowed to continue monitoring the device, including signals produced from inside private garages and other locations not open to the public or visual

surveillance, and signals produced in the event that the Subject Vehicle leaves the District of New Mexico, but remains within the United States.

Respectfully Submitted,
TRENT BOONE Digitally signed by TRENT BOONE Date: 2025.07.29 14:06:09 -06'00'

Trent Boone
BLM Special Agent

Subscribed and sworn to before me this
30th day of July, 2025.

Gregory B. Wormuth
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Tracking of
*(Identify the person, property, or object to be tracked)*
White, 2006, Eagle Vacuum Truck with New Mexico License Plate 1464FTL and VIN number 24150PM46189396

Case No. 25MR1255

## TRACKING WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other: ______.

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:
Agents may monitor, repair, and remove a tracking device on the Subject Vehicle, including when it is in a place not open to public view. Agents are authorized to enter private property where the Subject Vehicle is parked and/or move the Subject Vehicle to monitor, repair and remove a tracking device.

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by August 8, 2025 *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until September 12, 2025 *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☐ into the vehicle described above ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* Gregory B. Wormuth and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for 30 days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ______.

Date and time issued: 07/30/2025 12:47 pm

[signature]
*Judge's signature*

City and state: Las Cruces, New Mexico

Gregory B. Wormuth, Chief U.S. Magistrate Judge
*Printed name and title*

Case No.

Return of Tracking Warrant With Installation

1. Date and time tracking device installed: ________________
2. Dates and times tracking device maintained: ________________
3. Date and time tracking device removed: ________________
4. The tracking device was used from *(date and time)*: ________________

   to *(date and time)*: ________________ .

Return of Tracking Warrant Without Installation

1. Date warrant executed: ________________
2. The tracking information was obtained from *(date and time)*: ________________

   to *(date and time)*: ________________ .

Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: 07/30/2025

________________________
*Executing officer's signature*

________________________
*Printed name and title*