**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

MAXWELL STERLING JENSEN,

Case No. 5:25-cr-04750-MIS

Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

THIS MATTER is before the Court on Defendant's Motion to Suppress Evidence Under the Government-Agent Doctrine ("Motion"), ECF No. 76, filed on December 24, 2025. The Government filed a Response on January 7, 2026, ECF No. 82. On February 18, 2026, the Court held a hearing on the Motion, Clerk's Min. for Mot. Hr'g of Feb. 18, 2026, ECF No. 108, and ordered the Parties provide simultaneous supplemental briefings on the Motion, ECF No. 109. Both Parties did so. ECF Nos. 146, 149. The Court finds an additional hearing is not necessary. *See* Tr. of Hr'g of Feb. 18, 2026 at 74:5-7, 19-21. The Motion is ripe for consideration. Upon review of the Parties' submissions, the record, and the relevant law, the Court will deny Defendant's Motion.

## I. Background

Defendant Maxwell Jensen (Defendant) seeks to suppress evidence provided by a Source of Information (SOI) to the Government about Defendant's activities. Mot. at 1, ECF No. 76. The investigation and charges in this case largely stem from the information provided by the SOI to federal law enforcement. *See generally* Compl., ECF No. 1.

The Government alleges Defendant, posing as "Zach Jensen," initially hired the SOI via Indeed.com to "break locks on a property [in Odessa, Texas] and allow trucks to remove property

from the site." Resp. at 2, ECF No. 82. The SOI continued working for Defendant, but contacted

FBI agents in Midland, Texas on June 11, 2025, *id.*, because he was concerned he was involved in

a criminal case. Tr. of Hr'g of Feb. 18, 2026 at 14:8-9, ECF No. 118. The SOI told the FBI that

Defendant "was seeking to orchestrate a scheme in which he would pay off employees of oil

production companies [to allow Defendant to steal] crude oil." Compl. ¶ 4, ECF No. 1. Over the

next month and a half, the SOI provided information to the FBI about Defendant and his activities.

Resp. at 2, ECF No. 82.[1]

Defendant hired the SOI to close and clean out a property in Midland/Odessa, Texas and

to sell items, including crude oil, at the property. U.S. Suppl. Br. at 2, ECF No. 146. Defendant

"instructed the SOI to take photographs of the load tickets" recording the oil delivered to and/or

sold from the property and to send those photographs to the Defendant "as proof of sale." *Id.* The

SOI sent those photographs to law enforcement. *Id.* Defendant texted his bank account information

to the SOI to facilitate payment for oil and equipment sold on behalf of Defendant. *Id.* at 3-4. The

SOI sent the account information to law enforcement. *Id.* at 3.

The SOI informed the FBI that Defendant ordered frac tanks sent to Hobbs and Carlsbad,

New Mexico for use in stealing oil. *See* Resp. at 2, ECF No. 82. Defendant directed SOI, via text,

to deliver dirt to 7 Rivers Highway, Carlsbad, New Mexico to construct berms around frac tanks

at the property. U.S. Suppl. Br. at 3, ECF No. 146. The SOI passed this address on to law

enforcement. *Id.* at 6. A special agent for the Bureau of Land Management (BLM) "conducted

---

[1] At some point the SOI discovered that "Zach Jensen" was actually "Max Jensen," Resp. at 2, ECF No. 82, and found Defendant had previously been indicted by the Federal Government. Tr. of Hr'g of Feb. 18, 2026 at 14:6-8, ECF No. 118. The SOI's communication of his awareness of Defendant's indictment to the FBI, the FBI's actions afterwards, and the impact of both on Defendant's Sixth Amendment rights, are addressed by Defendant's Motion to Suppress Evidence Obtained in Violation of the Sixth Amendment Right to Counsel. ECF No. 147.

physical surveillance on the Carlsbad yard on July 22, 2025, and observed vacuum trucks steal oil from a nearby pipeline." Resp. at 2, ECF No. 82.

The SOI also took photographs of trucks and license plates while working for Defendant at the Odessa/Midland property and sent those photographs to law enforcement "in case it would help." U.S. Suppl. Br. at 3, ECF No. 146. Finally, the SOI "consensually recorded numerous phone calls between himself and Defendant" and shared them with law enforcement. *Id.* at 4. The "United States did not direct the SOI to ask any specific questions during [those] phone calls." *Id.*

Of the information passed to law enforcement, the government did not use the bank account information to further the investigation and "has no intention of using" the photographs of trucks or license plates in their case-in-chief. *Id.* at 3-4. The Government, did, however, use information provided by the SOI and the physical surveillance conducted by the BLM agent "to obtain a search warrant to place a tracking device on the vacuum truck seen stealing oil." Resp. at 2, ECF No. 82. Agents tracked the truck to a pipeline in New Mexico, where it stole oil, and to a site in Texas where it sold the stolen oil. *Id.*

## II. Legal Standard

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "A 'search occurs' when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

## III. Discussion

Defendant argues information provided by the SOI should be suppressed because the SOI acted as an agent on behalf of the government, which "used the SOI's access to intentionally gather evidence sidestepping a warrant." Mot. at 3, ECF No. 76. In support, Defendant points to a "pattern of systematic reporting, recording, and document collection" that "reflects government encouragement and direction." *Id.* at 4. Defendant further argues the SOI was a government agent because he did not "pursue independent pecuniary objectives" but provided an "exclusive benefit flowing to law enforcement." *Id.* at 5.

The Government argues that the SOI was not an agent because he voluntarily assisted law enforcement, the Defendant was not subjected to a search because had no expectation of privacy when interacting with the SOI, and that government recordings of conversations between Defendant and the SOI, even if the SOI was an agent, do not violate the Fourth Amendment because the SOI consented. Resp. at 3-4, ECF No. 82.

At the hearing, Defendant argued that he has an expectation of privacy when communicating to "his employee information that is not publicly available." Tr. of Hr'g of Feb. 18, 2026 at 23:16-19, ECF No. 118. In his supplemental briefing, Defendant argues the SOI obtained "a significant amount of proprietary, confidential information" and passed it to the Government, who used it "as part of its investigation and criminal prosecution of the Defendant" in violation of a Tenth Circuit prohibition "against using government agents to obtain" such information "by ill-gotten means." Def.'s Suppl. Br. at 2, ECF No. 14. Defendant offers no specific incidents and cites no cases in support. *See generally id.*[2]

---

[2] Defendant also attempts to "incorporate by reference" his Motion to Suppress for violations of his Sixth Amendment rights, ECF No. 147, but provides no rules of federal or local procedure allowing him to do so. *Id.* at 2. The Court, therefore, ignores his other motion for the purpose of this order.

The Government argues that, as everything the SOI provided to law enforcement came "directly from Defendant Jensen," no search was conducted, rendering it immaterial whether the SOI acted as a government agent. U.S. Suppl. Br. at 5, ECF No. 146. The Government denies law enforcement gave the SOI "directions to collect any specific evidence." *Id.* at 6. Finally, the Government argues that while an employer can have an expectation of privacy, Defendant lacks standing to challenge evidence related to the New Mexico property because he has repeatedly denied connection to it. *Id.* at 7-8.

As the Government has disclaimed use of the bank account information in its investigation and the photographs of trucks and license plates in its case-in-chief, U.S. Suppl. Br. at 3-4, ECF No. 146, the Court confines its analysis to that evidence obtained from the SOI which the Government plans to use: the load tickets,[3] the address of the New Mexico property, and the recorded phone conversations and text messages between the Defendant and the SOI exclusive of those containing bank account information and photographs of trucks and license plates.

To summarize, Defendant argues the SOI is a government agent who conducted searches to obtain information he passed to law enforcement. The Government contends the Defendant had no expectation of privacy in any of the information obtained, therefore no search occurred, even if the SOI were a government agent, which he is not. The Court finds Defendant had no expectation of privacy; therefore, no search was conducted to obtain the evidence in question and Defendant's right against unreasonable search has not been violated. The Court will deny Defendant's Motion to Suppress accordingly.

---

[3] At the hearing, the Government told the Court it did not plan to use the load tickets obtained from the SOI since it had load tickets from other sources. Tr. of Hr'g of Feb. 18, 2026, 59:14-16, ECF No. 118. But in its Supplemental Briefing the Government addresses how the load tickets were obtained and makes no statement about their use in the Government's case-in-chief. *See generally* ECF No. 146. The Court assumes the Government intends to use the load tickets obtained from the SOI.

### A.  The load tickets

Defendant argued that he has an expectation of privacy in the load tickets, or "run tickets," because those tickets permit others to infer the amount of money Defendant was willing to pay for oil and he has an interest in keeping that information private. Tr. of Hr'g of Feb. 18, 2026 at 34:11-13, 35:20 – 37:17, ECF No. 118. As to cases supporting that right, at the hearing Defendant cited to *MIMICS, Inc. v. Village of Angel Fire*, 394 F.3d 836 (10th Cir. 2005). *Id.* at 53:18-23. That case, about a Village building inspector searching a condominium being used for business purposes, appears to have no bearing on this one besides establishing a general right to privacy in business property. *MIMICS*, 394 F.3d at 839-40, 842. Defendants do not cite it, or any other case, in their Supplemental Brief, *see generally* ECF No. 149, despite being asked by the Court to provide citations in support of their argument and committing to do so, Tr. of Hr'g of Fed. 18, 2026 at 75:17 – 18:3, ECF No. 118.

Defendant's weak argument, that others could infer his future business strategy from past transactions in a market where oil prices change constantly, and the absence of cases in support is sufficient to find Defendant has demonstrated no privacy interest in the load tickets. *United States v. Leary*, 846 F.2d 592, 595 (10th Cir. 1988) ("First, the claimant must show a subjective expectation of privacy in the area searched, and second, that expectation must be one that 'society is prepared to recognize as 'reasonable.'"") (citation omitted). An examination of the load tickets seems to confirm he has no privacy interest in them.

As described by the Government's witness, a load ticket creates a transaction record. *See* Tr. of Hr'g of Fed. 18, 2026 at 34:6-10, ECF No. 118. This is in keeping with Defendant's request that the SOI record the load tickets as "proof of sale." U.S. Suppl. Br. at 2, ECF No. 146. The Court takes this to mean load tickets are essentially receipts, and of course receipts verify a

transaction between two entities. Indeed, the SOI was told that, to "cover [his] ass," he should "make sure the drivers always sign the load tickets." U.S. Br. in Supp. of Def.'s Detention at 18, ECF No. 44. Taken together, this means Defendant was likely aware that external drivers were likely to see load tickets. Sharing externally makes it hard to keep business secrets. And of course, "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979).

Defendant established no privacy interest in the load tickets, nor does he appear to have one. That the SOI shared the tickets with law enforcement does not violate Defendant's Fourth Amendment rights.

## B. The address of the 7 Rivers Highway property in New Mexico

Defendant's Counsel argued that law enforcement obtained the address of the 7 Rivers Highway property in New Mexico by directing the SOI to get it from the Defendant, making the SOI an agent of the government conducting a search. Tr. of Hr'g of Feb. 18, 2026 at 30:16 – 31:3, ECF No. 118 ("And special agents asked the source of information to find out where this yard was, right?"); Mot. at 3 ("[A]gents used the SOI's access to intentionally gather evidence sidestepping a warrant.").

The Government argues that Defendant texted the address to the SOI and directed the SOI to deliver dirt to the address for use building berms around Defendant's frack tanks. U.S. Suppl. Br. at 2-3, ECF No. 146.

The Court finds Defendant provides no evidence that the address was obtained in a manner other than that described by the Government, which establishes that Defendant freely disclosed the address to the SOI so the SOI could fulfill his responsibilities as an employee of Defendant. Further, there is no indication, nor does Defendant argue, that Defendant has a privacy interest in

7

the address. Indeed, the Government argues Defendant "has done everything he can to distance himself from . . . [the New Mexico property]." U.S. Suppl. Br. at 7, ECF No. 146.

There are no grounds to suppress the 7 Rivers Highway address texted to the SOI from the Defendant and from the SOI to law enforcement.

**C.  The recorded phone conversations and text message exchanges.**

The SOI recorded phone conversations between himself and Defendant and passed those conversations to law enforcement. U.S. Suppl. Br. at 4, ECF No. 146. The SOI also passed along screen shots of text message exchanges between himself and Defendant. *See id.* at 5. Defendant argues, in a general and cursory manner, that (1) these conversations were at the direction of the Government and that the SOI used them to obtain information otherwise unavailable, Mot. at 3-4, ECF No. 76, and (2) that Defendant had a reasonable expectation of privacy in communications between himself and his employee, Tr. of Hr'g of Feb. 18, 2026 at 24:10-24, ECF No. 118. As to the latter, Defendant has already lost that argument, *supra* III.A. As to the former, the Government argues that government-recorded phone calls and text message exchanges between Defendant and another consenting person do not violate the Fourth Amendment. U.S. Suppl. Br. at 5, ECF No. 146 (citing *United States v. McKneely*, 69 F.3d 1067, 1073 (10th Cir. 1995)).

The Court agrees with the Government. Every recorded phone call obtained by law enforcement was between the Defendant and SOI, and the SOI consented to each one. U.S. Suppl. Br. at 4, ECF No. 146. Similarly, the SOI consented to recording text message exchanges between Defendant and the SOI. *Id.* at 5. These calls and text message exchanges do not violate the Fourth Amendment. *McKneely*, 69 F.3d at 1073 (10th Cir. 1995) ("When the government records a defendant's conversation with another party, pursuant to that party's consent, neither the Fourth Amendment nor 18 U.S.C. § 2511(2)(c) is violated.").

## IV. Conclusion

Defendant has demonstrated no expectation of privacy in the load tickets, the New Mexico address, the text message exchanges between himself and the SOI, or the recorded phone calls between himself and the SOI. All that information, passed by the SOI to the Government, was obtained without a search and none of it implicates Defendant's Fourth Amendment rights. Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Suppress is **DENIED**.

_Margaret Strickland_

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE