**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

MAXWELL STERLING JENSEN,

Case No. 5:25-cr-04750-MIS

     Defendant.

**ORDER DENYING THE GOVERNMENT'S MOTIONS TO DETERMINE IF A
CONFLICT EXISTS AND WHETHER DEFENDANT CAN WAIVE A CONFLICT**

THIS MATTER is before the Court on the Government's Motions to Determine if a Conflict Exists and Whether Defendant Jensen can Waive Any Conflict with Informed Consent ("Motion"), ECF No. 145, filed on March 17, 2026. Defendant Maxwell Sterling Jensen ("Defendant") filed a Response on March 26, 2026. ECF No. 155. The Government did not timely file a reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will deny the Government's Motions.

On January 29, 2026, Defendant's attorney, Benigno (Trey) Martinez, "went to the Otero County Detention Cetner to conduct a joint defense visit with Attorney Jason Davis," who is counsel for Defendant's father and co-defendant, James Jensen, in a separate case in the Southern District of Texas. Mot. ¶ 4 & n.1 ECF No. 145. James Jensen and Defendant's mother, Kelly Jensen, were also present during the visit. *Id.* ¶ 4 & n.2. Neither James Jensen nor Kelly Jensen are co-defendants in the instant District of New Mexico case.

When the party entered the jail, the Government asserts that Attorney Davis initially represented that all members of the party were attorneys before then telling staff that both James and Kelly Jensen were co-defendants in the SDTX case and, eventually, conceding that only James Jensen was a co-defendant in the SDTX case. *Id.* ¶¶ 5-9.

"In order to determine the extent of the misrepresentations, the United States asked jail staff to write reports on the incident." *Id.* ¶ 10. Attorneys Davis and Martinez retained Attorney Johnny Sutton. *Id.* ¶ 12. The United States informed Attorney Sutton that "there was no criminal investigation into his clients" and Attorney Sutton gave United States Attorneys Hehr and Dickens "permission to discuss Defendant Jensen's case with Attorney Martinez as needed." *Id.*

The Government filed the instant Motions because

> Given the above facts, the United States believes there may be a conflict of interest between Attorney Martinez and Defendant Maxwell Jensen under Tex. Disciplinary R. Prof. Conduct 1.06(b)(2) . . . [arising] from Attorney Martinez's awareness of a potential investigation into the misrepresentations made to jail staff and his personal interest in that investigation, which necessarily involves Defense Counsel Davis and James Jenson [sic] as witnesses.

*Id.* ¶ 13 (footnote omitted).

Texas Disciplinary Rule of Professional Conduct 1.06(b)(2) states

> (b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person: . . . (2) reasonably appears to be or become adversely limited by the lawyers or law firm's responsibilities to another client or to a third person or by the lawyers or law firm's own interests.

The Government believes that if the Court does find a conflict, "it may be waived with informed consent from Defendant Jensen" under Texas Disciplinary Rule of Professional Conduct 1.06(c) which permits a lawyer to

> represent a client in the circumstances described in (b) if: (1) the lawyer reasonably believes the representation of each client will not be materially affected; and (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

Defendant asserts that "James Jensen, [and] Kelly Jensen . . . deny ever representing themselves as attorneys" and "what occurred was, at most, confusion over the scope and

implementation of an already-authorized joint-defense visit, not any type of misconduct." Resp. at 2, ECF No. 155. Defendant argues that the Government fails to identify the conflict "with the specificity required for meaningful response or for a focused conflict/waiver inquiry." Resp. at 2, ECF No. 155. Defendant notes that Rule 1.06 cautions that conflicts raised by opposing counsel "should be viewed with great caution." *Id.* (quoting Comment 17 to Tex. R. Prof. Conduct Rule 1.06).

The Court can discern no conflict in this instance. There is no indication Attorney Martinez's representation of Defendant Jensen would be materially affected by the described circumstances. Nor is there a requirement for Defendant Jensen to waive a potential conflict of interest involving Attorney Martinez.

As the Court understands it, Attorney Davis may have misrepresented the status of Defendant Jensen's parents to jail staff. Mot. ¶¶ 4-9, ECF No. 145. Whether he did or not is the subject of a Motion before the Southern District of Texas, where Maxwell and James Jensen are co-defendants represented by Attorneys Davis and Martinez. Resp., Ex. A, ECF No. 155-1. Defendant Maxwell Jensen did not witness the events described above and was not otherwise involved. Mot. ¶¶ 4-9, ECF No. 155. Attorney Martinez witnessed the events described, *see* Mot. ¶¶ 4-8, ECF No. 145, and Attorneys Davis and Martinez retained the same counsel to address the matter, but there is no criminal investigation. *Id.* ¶ 12. The Government is concerned because Attorney Martinez is "aware[] of a potential investigation into the misrepresentations made to jail staff" and has a "personal interest in that investigation, which necessarily involves Defense Counsel Davis and James Jenson [sic] as witnesses." Mot. ¶ 13, ECF No. 145.

The Court does not opine on whether there may be a conflict in the SDTX case. But as Defendant Maxwell Jensen was not involved, Attorney Davis is not a co-counsel here, and James

Jensen is not a co-defendant here, the Court cannot find a conflict resulting from these circumstances that would impair Attorney Martinez's representation of Defendant Maxwell Jensen in the instant case. Waiver by Defendant Jensen is not required.

The Court is, however, baffled that Attorneys Martinez and Davis would permit circumstances to reach a point at which jail staff questioned whether they misrepresented the identities of Defendants' parents. The Government was correct to bring the instant Motion. Attorney Martinez is reminded that no rules change because co-defendants are related or because family members face intertwining charges.

Accordingly, it is **HEREBY ORDERED** that the Government's Motions to Determine are **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE