**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

MAXWELL STERLING JENSEN,

Defendant.

Case No. 5:25-cr-04750-MIS

## <u>ORDER DENYING DEFENDANT'S MOTION TO CONTINUE</u>

THIS MATTER is before the Court on Defendant Maxwell Sterling Jensen's Motion to Continue ("Motion"), ECF No. 178, filed on April 24, 2026. Upon review of Defendant's Motion, the record, and the relevant law, the Court will deny Defendant's Motion.

Defendant requests the Court continue his trial by ninety days. *Id.* at 1. The pretrial conference is scheduled for five weeks from now, with jury selection scheduled to begin a week later. *See id.* Defendant requests a continuance "in order to have sufficient time to review the pending ongoing discovery and to discuss with the defendant matters regarding discovery, trial, plea, and sentencing." *Id.* Defendant's motion is not opposed by any co-defendant except Defendant Christopher Ortega. *Id.* at 2. The Government is unopposed. *Id.* at 1.

Reviewing a Motion to Continue requires the Court to examine "four factors: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial. *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018) (citation omitted). "The final factor is the most important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012) (citation omitted). All four factors favor denial, and the Court will deny Defendant's Motion accordingly.

As to the first factor, Defendant's Counsel has been less than diligent during proceedings and the Court has no reason to believe he would be diligent if a continuance were issued. Although he has filed many motions, the Court has found nearly all to lack foundation, and Defendant's Counsel appears to have put little effort into research and argument. *See e.g.*, Order Den. Def.'s Mot. to Suppress at 6, ECF No. 154 ("Defendants do not cite it, or any other case, in their Supplemental Brief, *see generally* ECF No. 149, despite being asked by the Court to provide citations in support of their argument and committing to do so, Tr. of Hr'g of Fe[b]. 18, 2026 at 75:17 – 18:3, ECF No. 118."); Order Denying Def.'s Mot. to Suppress, ECF No. 160 ("Defendant believes that when *Cobb* incorporated the *Blockburger* test, which determines whether two offenses are committed by the same act by evaluating whether each offense requires proof of an element not included in the other, the Supreme Court recognized defendants maintain a Sixth Amendment right to counsel as long as they keep committing the exact same crime for which they were previously indicted. That is not the case.") (citations omitted); Order Den. Def.'s Mot. to Dismiss for Lack of Jurisdiction, ECF No. 162 ("In this Motion and his Motion to Exclude, Defendant's Counsel never cites to a page or paragraph number. ECF No. 148 at 2-4; ECF No. 151 at 2, 3, 5-7. One citation includes only the title and no other identifying information. ECF No. 148 at 4."). Defendant's Counsel has not been diligent and is not entitled to the assumption he would begin to be if a continuance were ordered.

As to the second factor, whether a continuance would accomplish the stated purpose, the Court finds it would not. Defendant bases his request on his need to "review pending ongoing discovery" but does not tell the Court what discovery remains pending and ongoing. Mot. at 1, ECF No. 178. The Court assumes Defendant refers to the Texas Department of Safety (DPS)

source file. The material information in the source file has, however, already been disclosed and Defendant has had the information for a month at least. A background on the source file follows.

On February 18, 2026, the Court orally ordered the Government to disclose information to Defendant from DPS related to phone calls made by the source of information. Tr. of Hr'g of Feb. 18, 2026 at 80:12-17, ECF No. 118 ("And do double-check for me about whether—I don't want problems later, especially at trial, that DPS has phone calls that weren't turned over. You tell DPS to give you every single—everything they have, their entire file, their shadow files, their whatever they call it, like, everything."). Defendant claims this was an order from the Court to the Government to disclose the entirety of the DPS file on the source of information ("DPS source file" or "file") who provided the information on which this trial is based. Resp. to Mot. for In Camera Review at 4, ECF No. 177.

On March 4, 2026, the Government offered to facilitate review of the file in the presence of a Texas DPS official. Def.'s Mot. to Exclude at 3, ECF No. 151. Defendant declined and demanded the entire file. *Id.* at 8. In March 2026, the Government sent a packet of all the material information gleaned from the DPS source file to Defendant. Mot. for In Camera Review at 2, ECF No. 172.[1] The Government disclosed material information "bearing on credibility, bias, and compensation." *See id.* On March 23, 2026, Defendant filed a Motion to Exclude, arguing that the Court should exclude all "informant and informant-derived information" because the Government offered a review of the file and thus "failed to comply" with what Defendant claims was "the Court's directive to produce all files (including shadow files) by the assumed March 9 deadline." ECF No. 151 at 7.

---

[1] Based on filings, it is not clear to the Court when the material information from the DPS was sent by the Government to Defendant, but it appears to have happened after the March 4, 2026, offer to review the file.

Unaware that the Government had already sent the material information contained in the DPS source file, the Court, on April 8, 2026, in denying Defendant's Motion to Exclude, ordered the Government to "facilitate a review of the material information contained in the DPS internal source file." ECF No. 161. Defendant then reached out to the Government to conduct the review Defendant declined a month earlier. Resp. to Mot. for In Camera Review at 3, ECF No. 177. The Government, having already sent the material information to Defendant, instead requested the Court conduct an in camera review of the DPS source file to verify no more material information remained subject to disclosure. Mot. for In Camera Review, ECF No. 172. At this point the Court became aware the Government had disclosed all material information in the DPS source file and, as Defendant did not specify what other information he sought, *see generally* Resp. to Mot. for In Camera Review, ECF No. 177, the Court denied the Motion for In Camera Review. ECF No. 183 at 3. In sum, Defendant is asking for a continuance to review pending discovery of information in the DPS source file, but Defendant has had all the material information in the file for a month. Therefore, there is no need for Defendant to "review pending ongoing discovery" and a continuance would not serve the stated purpose.

As to the third factor, a delay of ninety days would inconvenience the Court, one co-defendant, and witnesses. The Government and the remaining co-defendants are not opposed to a continuance, therefore the Court assumes they are not inconvenienced. The Court, however, scheduled this trial fourteen weeks ago and has little space to move it backward in the calendar due to other pending trials. Defendant Ortega opposes the continuance and has filed a separate motion to sever requesting a bench trial, ECF No. 174, indicating he is prepared to move forward and is inconvenienced by further delay. And, as the deadline to declare expert witnesses has passed

for both parties, Scheduling Order at 1, ECF No. 86, a continuance would inconvenience witnesses counting on the schedule as issued.

Finally, as to the most important factor, the Court sees no harm in denying the instant Motion. Defendant has been aware of the trial deadline for over 14 weeks, and trial is still 6 weeks away, with the pretrial conference still 5 weeks away. *See id.* As stated above, Defendant has had all material information for a month, and the information disclosed from the file is not unexpected but is background bearing on the credibility and bias of a source of information known to both parties since this case began. *See* Mot. for In Camera Review at 2, ECF No. 172. Defendant has little or nothing to gain by delay and still has plenty of time to discuss "discovery, trial, plea, and sentencing" with his client. Mot. at 1, ECF No. 178.

As all four factors favor denial, the Defendant's Motion for Continuance is denied.

Additionally, Defendant requests an extension to his "expert witnesses notice and report" deadline. *Id.* The scheduling order set Defendant's expert witness notice and report deadline for April 13, 2026. ECF No. 86 at 1. On April 11, 2026, Defendant filed a motion requesting an extension of his expert witness deadline until May 4, 2026, to give him time to respond to the Government's late expert witness disclosure. ECF No. 164 at 3. The Court granted his request. ECF No. 167.

Defendant now requests his deadline be extended again to "30 days from the date the discovery is completed." *Id.* As Defendant provides no information in his Motion about when he believes discovery will be complete, *see generally* Mot., ECF No. 178, the Court assumes Defendant refers to his anticipated receipt of the entirety of the DPS source file. *See* Resp. to Mot. for In Camera Review, ECF No. 177. As Defendant will not receive the file because he already received all material information in the file, *see supra* at 4, and is not entitled to the rest of the file,

Order Den. In Camera Review at 3, ECF No. 183, the Court finds an additional extension unnecessary. The Court therefore denies Defendant's request for an extension to his expert witness notice and report deadline. The deadline remains May 4, 2026. *See* ECF No. 167.

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Continue, ECF No. 178, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE