**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

MAXWELL STERLING JENSEN,

Defendant.

Case No. 5:25-cr-04750-MIS

**ORDER DENYING DEFENDANT'S MOTION TO SEVER**

THIS MATTER is before the Court on Defendant Maxwell Jensen's ("Defendant") Motion to Sever ("Motion"), ECF No. 180, filed on April 27, 2026. Upon review of Defendant's Motion, the record, and the relevant law, the Court will deny Defendant's Motion.

## I. Background

Defendant wishes to sever his case from his co-defendants "to avoid the prejudicial spillover of evidence that may be admissible as to his codefendants but not as to him, as well to make available the exculpatory testimony of Thomas Rees and other co-defendants." Mot. at 3, ECF No. 180. Defendant also wishes his trial to occur after Defendant Rees's trial. *Id.*

Defendant argues "[m]uch of a joint trial would be devoted to allegations against co-defendants that have no bearing on Mr. Jensen's conduct." *Id.* Defendant then lists Overt Acts supporting Count One in the Indictment that do not involve Defendant Jensen. *Id.* Count One is a conspiracy involving Defendant Jensen. Superseding Indictment at 1-2, ECF No. 111.

Defendant also lists Counts Three, Six, Seven, Eight, and Ten, which are not "alleged against [Defendant]." Mot. at 3-4, ECF No. 180. Defendant argues "the risk of spillover and the jury assuming guilt-by-association is great" because "[t]he government's case against the other defendants will involve extensive evidence of hands-on oil theft using vacuum trucks, employment

relationships at Plains All American Pipelines, a multi-party money laundering network involving Hound Dog Energy and ABC&M LLC, and firearm possession by an undocumented individual." *Id.* at 4. Defendant believes, since this evidence "would be inadmissible as irrelevant and/or unduly prejudicial" at a separate trial and because of "[t]he disparity between the conduct alleged against the seven other defendants . . . and the narrowly [sic] financial conduct alleged against [Defendant]," inclusion of this evidence would result in "*actual* prejudice" cresting the Tenth Circuit standard for severance. *Id.*

Defendant additionally argues that "[a] joint trial would also compromise Mr. Jensen's right to cross-examine adverse witnesses, even if his codefendants do not testify at a joint trial." *Id.* at 5. Defendant believes "[w]hile a defendant's own statements may be admissible at his own trial, their admission at a joint trial would violate codefendant's right to cross-examination when they implicate or exonerate the codefendant, since the defendant would also have the right not to take the stand." *Id.* at 6 (no citation). Therefore, "[a] joint trial would therefore violate not only Mr. Jensen's rights, but other codefendants', as well." *Id.* (no citation). Defendant also wishes to sever his trial so that he can secure the exculpatory testimony of Mr. Jensen's codefendants, particularly Thomas Rees." *Id.*

Defendant misunderstands the standards for severability and appears to also misapprehend his right to confrontation. The Court will deny Defendant's Motion to Sever.

## II.  Legal Standard

"The Federal Rules of Criminal Procedure encourage joinder of defendants." *United States v. Caldwell*, 560 F.3d 1202, 1212 (10th Cir. 2009).

> Rule 8(b) states: The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants

may be charged in one or more counts together or separately. All defendants need not be charged in each count.

*Id.* The Tenth Circuit construes "Rule 8 broadly 'to allow liberal joinder to enhance the efficiency of the judicial system.'" *Id.* (citation omitted). "Ultimately, '[t]he test for a proper joinder is a common thread to each of the defendants,' which 'may be established by common evidence as to various counts.' *Id.* (citation omitted). "[J]oinder in nonconspiracy cases" is not conditioned "on all defendants[] being charged in every count." *Id.* at 1213.

"Under Federal Rule of Criminal Procedure 14(a), a district court has discretion to sever trials if a joint trial 'appears to prejudice a defendant.'" *Id.* Severance should occur "when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (citation omitted). "In particular, '[t]he preference in a conspiracy trial is that persons charged together should be tried together." *United States v. Zapata*, 546 F.3d 1179, 1191 (10th Cir. 2008) (citation omitted).

"[T]he requisite showing of prejudice 'is not made by a complaint that one defendant is less culpable than another, or by an allegation that a defendant would have a better chance of acquittal in a separate trial, or by a complaint of the 'spill-over' effect of damaging evidence presented against a codefendant.'" *Zapata*, 546 F.3d at 1191. (citation omitted). "Rather, a defendant must show that he was deprived of his right to a fair trial." *Id.* (citation omitted).

**III. Discussion**

First, none of the Overt Acts listed by Defendant support severance. The Overt Acts are all in support of Count One, which Defendant is charged with. Severing one member of a conspiracy because other members acted independently to further a conspiracy would defeat the purpose of charging persons with conspiracy.

3

Second, Defendant Jensen is not prejudiced by the inclusion of other Counts alleging behavior differing from his own. Federal Rule of Criminal Procedure 8(b) permits the charge of defendants "in one or more counts together or separately" when the charges stem from the "same series of acts or transactions, constituting an offense or offenses." Based on Count One being a conspiracy charge, that is the case here. The fact that Defendant is not named in every count is not grounds for severance.

Third, Defendant Jensen does not establish actual prejudice. Defendant cites to *United States v. Pursley*, 474 F.3d  757 (10th Cir. 2007), and *United States v. Caldwell*, 560 F.3d 1202 (10th Cir. 2009), purportedly for the principle that "the introduction of categorically distinct, highly inflammatory evidence—including firearm possession by an undocumented individual and physical theft using vacuum trucks—that would be wholly inadmissible against Mr. Jensen if tried alone" is sufficient to establish "*actual* prejudice." Mot. at 4-5, ECF No. 180. Neither *Pursley* nor *Caldwell* supports that principle.

*Pursley* concerns "exclusive and antagonistic" defenses, meaning a jury cannot "simultaneously believe [both] theories of defense." 474 F.3d at 765-66. *Caldwell* stands for the principle that when the prosecution "group[s] together the exhibits for each transaction and . . . organiz[es] its questioning of each of its witnesses to address the transactions separately," it sufficiently assists "the jurors in keeping clear which transactions involved" the defendant and which did not, and is not prejudicial. 560 F.3d at 1213. Neither support Defendant's argument here, which is without merit.

Defendant Jensen is concerned about "spillover" evidence causing the jury to find him guilty by association. Mot. at 4, ECF No. 180. "[A] complaint of the 'spill-over' effect of damaging

4

evidence presented against a codefendant" is not sufficient to make the requisite showing of prejudice. *Zapata*, 546 F.3d at 1191.

Fourth, Defendant has no right to cross-examine his codefendants based on non-testimonial out-of-court statements and no right to Defendant Rees' testimony. Defendant wishes to sever because severance will protect him from (1) "out-of-court statements by codefendants—particularly Thomas Rees, who allegedly owned and operated Hound Dog Energy and is the centerpiece of the money laundering counts—that are facially incriminating as to Mr. Jensen" and (2) because Defendant wishes to "secure the exculpatory testimony of Mr. Jensen's codefendants, particularly Thomas Rees." Mot. at 6, ECF No. 180. As to the former, Defendant's Sixth Amendment confrontation right does not protect him against non-testimonial out-of-court statements. As to the latter, Defendant does not show the absence of Defendant Rees' testimony would be prejudicial.

"[T]he admission in evidence of a co-defendant's confession inculpating the defendant at a joint trial at which the co-defendant does not testify violates the defendant's Sixth Amendment right to confront witnesses against him." *United States v. Sarracino*, 340 F.3d 1148, 1159–60 (10th Cir. 2003) (citing *Bruton v. United States*, 391 U.S. 123, 131 (1968)). Defendant's Sixth Amendment right attaches only to testimonial statements, *see id.* at 1159-60, and only "in those few contexts where the statement is so inculpatory as to the defendant that the 'practical and human limitations of the jury system cannot be ignored,'" *id.* at 1160. A testimonial statement "is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Crawford v. Washington*, 541 U.S. 36 (2004) (citation omitted). "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.*

Here, Defendant refers only to "statements" and "out-of-court statements" that are "facially incriminating as to [Defendant]." Mot. at 5-6, ECF No. 180. Defendant does not clarify whether the out-of-court statements are testimonial. *See id.* The Court is unaware of any confessions or testimonial statements made by Defendant's co-defendants. The Government, in a recently filed response to Defendant Jensen's Motion for a *James* Hearing, does not mention a confession or testimonial statement by Defendant Rees or any other co-defendant. *See generally*, ECF No. 176. Defendant Jensen appears to be misapplying *Brunson* in an attempt to elide admission of codefendants' out-of-court statements to each other. *See* Resp. to Mot. for *James* Hr'g, ECF No. 176; Superseding Indictment, ECF No. 111. *Bruton* does not apply here.

Defendant's right to obtain Defendant Rees' testimony, which Defendant Jensen believes will be "materially exculpatory" because "Mr. Rees is uniquely situated to testify to Mr. Jensen's lack of involvement in the conduct at the heart of the indictment," Mot. at 6, ECF No. 180, is also imaginary. Defendant cites to *United States v. McConnell*, a case in which one defendant pledged to give testimony against a second if the second's motion for severance was granted. 749 F.2d 1441, 1444 (10th Cir. 1984).

"[W]here a defendant bases his motion for severance upon a claim that he needs a co-defendant's testimony . . . the following factors [are] relevant: 1) the likelihood that the co-defendant would in fact testify at the movant's severed trial and waive his Fifth Amendment privilege; 2) the significance of the testimony in relation to the defendant's theory of defense; 3) the exculpatory nature and effect of such testimony; 4) the likelihood that the co-defendant's testimony would be impeached; 5) the extent of prejudice caused by the absence of the testimony; 6) the effect of a severance on judicial administration and economy; 7) the timeliness of the motion." *Id.* at 1445.

As to the seven factors, Defendant Jensen asserts "each factor weighs in favor of severance." Mot. at 6, ECF No. 180. He is almost wholly incorrect. First, there is no indication that Defendant Rees would testify at Defendant Jensen's severed trial and no indication Defendant Rees would waive his Fifth Amendment privilege. As to the second and third factors, Defendant Jensen asserts that Defendant Rees would testify that Defendant Jensen's "alleged financial transfers to Hound Dog Energy were ordinary commercial transactions and that Mr. Jensen had no knowledge of, or participation in, the underlying theft, pipeline tampering, or laundering activity allegedly conducted by Mr. Rees and others." *Id.* If true—and Defendant has not established that it is—that is in Defendant's favor. But as to factor four, based on the Government's Exhibit 5 to its Response to Defendant Jensen's Motion for a *James* Hearing, a recorded conversation involving Defendant Rees that appears to implicate Defendant Jensen, ECF No. 176-5 at 1-19, it seems likely Defendant Rees' exculpatory testimony would be impeached. As to the fifth factor, based on the above, the Court does not believe the absence of testimony by Defendant Rees would be prejudicial.

As to factor six, it is Defendant Jensen's opinion that "severing Mr. Jensen's trial to follow Mr. Rees's would be consistent with judicial economy because the evidence against Mr. Jensen is narrowly drawn and substantially shorter to present." Mot. at 6, ECF No. 180. The Court disagrees. Conducting a second trial, with a second jury selection, is unlikely to take less time than presenting evidence at this trial which does not bear on Defendant Jensen. And as to the seventh factor, Defendant Jensen is correct, trial remains six weeks away, so his motion is timely.

Considered together, however, Defendant Jensen has not established that Defendant Rees is willing to testify in the manner asserted by Defendant Jensen, much less that Defendant Rees is likely to give such testimony. Defendant Jensen has not offered any assurances beyond his own

conclusory statements that the factors weigh in his favor. The absence of Defendant Rees' testimony is not prejudicial.

## IV. Conclusion

In sum, Defendant Jensen's Motion for Severance is denied because (1) codefendants' Overt Acts supporting a Count involving Defendant Jensen are not prejudicial, (2) Counts against other co-defendants are similarly not prejudicial, (3) Defendant does not have the right to cross-examine defendants about non-testimonial out-of-court statements, (4) Defendant is not entitled to testimony from Defendant Rees.

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Sever, ECF No. 180, is **DENIED**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE