**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

                                  Case No. 5:25-cr-04750-MIS

MAXWELL STERLING JENSEN,

       Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

THIS MATTER is before the Court on Defendant Maxwell Jensen's ("Defendant") Motion in Limine ("Motion"), ECF No. 196, filed on May 4, 2026. The Government filed a response on May 18, 2026. ECF No. 203. Upon review of Defendant's Motion, the record, and the relevant law, the Court will grant in part and deny in part Defendant's Motion.

Defendant makes twenty-nine requests in his Motion, excluding his final generic request for "other and further relief as the Court deems just and proper." ECF No. 196 at 1-7. The Government argues that Defendant's Motion "goes much further" than the "mutual and proper application" of "settled rules" and asks for "blanket exclusions," reconsideration of settled matters, and premature evidentiary rulings. Resp. at 1, ECF No. 203. The Court generally agrees with the Government. For ease of reading, the Court goes request-by-request and makes findings, referring to previous findings where appropriate.

Defendant's first request is that the Court exclude "testimonial statements made by non-testifying co-defendants Thomas Rees and Christopher Ortega" under *United States v. Bruton*, 391 U.S. 123 (1968). Mot. at 1, ECF No. 196. To the extent the testimonial statements refer to Defendant's involvement, the Court will ensure Defendant's constitutional right to confrontation under the Sixth Amendment. *Bruton*, 391 U.S. at 126. That right does not include the exclusion of

the entirety of statements made by co-defendants. *See id.* at 134 n.10. The Court denies Defendant's first request.

Defendant then requests that the Court redact such statements "to remove all reference to Mr. Jensen *and to his existence*" and, if not feasible to do so, sever Defendant's trial. Mot. at 1, ECF No. 196. Defendant cites to *United States v. Verduzco-Martinez*, 186 F.3d 1208, 1214 (10th Cir. 1999), claiming it requires that "redaction must remove all reference to defendant's name and existence." *Id.* at 1-2. It does not. *Verduzco-Martinez* requires only that statements do not permit an inference to "be made immediately from the statements alone or without additional evidence." 186 F.3d at 1214.

As to redaction, the Court will require redaction to the extent required by *Bruton* and its progeny. *See Bruton*, 391 U.S. at 134 n.10. As to severance, although Defendant's first motion to sever was denied, ECF No. 187, he retains the right to request severance if appropriate, *see* Fed. R. Crim. P. 14 advisory committee's note to 1966 amendment. Severance is not appropriate now. *See infra* at 8. Defendant's second request is granted only to the extent that the Court will require redaction in accordance with *Bruton* and its progeny. The request is otherwise denied.

Defendant's third request is for the Court to require "admission under Federal Rule of Evidence 106 of contextually paired exculpatory portions of any portion of the August 21, 2025 debrief the Government is permitted to introduce." Mot. at 2, ECF No. 196 (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988)). Defendant's request is denied. Defendant may make a request under Federal Rule of Evidence ("Rule") 106 to admit appropriate portions of statements at the time a statement is submitted at trial.

Defendant's fourth request is for the Court to exclude under Rule 403 those portions of the conversation recorded on April 19, 2025, which refer to "(i) AR-style firearms (ECF No. 176-5

2

at 14); (ii) Mr. Ortega's prior Bandidos affiliation (ECF No. 176-5 at 11); and (iii) Mr. Jensen's Texas Case prior arrest." Mot. at 2, ECF No. 196 (citing *United States v. Tan*, 254 F.3d 1204, 1211–12 (10th Cir. 2001). The Government opposes a blanket exclusion and argues "[t]he challenged statements may be relevant to context, relationship, trust, the participants' knowledge, the participants' efforts to avoid law enforcement, the roles of the conspirators, and the meaning of the recorded conversation as a whole." Resp. at 3, ECF No. 203. The Court agrees. Defendant's fourth request is denied. The Court will not consider Rule 403 objections to the conversation or portions thereof, or to other testimony or evidence, unless Defendant re-raises them at trial. If he does so, the Court will make appropriate Rule 403 determinations at that time.

Defendant's fifth request is for "contemporaneous limiting instructions if any portion of the recording is admitted." Mot. at 2, ECF No. 196. The Court will issue limiting instructions if appropriate based on the admitted portion of the recording and its analysis of Defendant's Rule 403 objections. Defendant's fifth request is denied accordingly.

Defendant's sixth request is for exclusion of "any evidence concerning the Texas Case (*United States v. Jensen*, No. 1:25-cr-00257-S2 (S.D. Tex. Brownsville Div.))." Mot. at 2-3, ECF No. 196. This request is denied. The Government is entitled to introduce evidence of bad acts under Rule 404. If the Government seeks to introduce all or part of the Texas case under Rule 404, the Court will consider their request at the appropriate time. In accordance with the above, Defendant's seventh request, limiting reference to the Texas case to the fact "that Mr. Jensen was on pretrial release in another federal case as of May 9, 2025" is also denied.

Defendant's eighth request is for the Court to exclude "all portions of the SOI/CS recordings, the prior-Texas-DPS-CI text messages collected at Bates 3927–3952, and any other government-agent-elicited communications that pertain to TX-Case conduct, on the ground that

3

the Sixth Amendment right to counsel had attached in the TX Case at the time of those communications." Mot. at 3, ECF No. 196 (citing *United States v. Mitcheltree*, 940 F.2d 1329, 1343–44 (10th Cir. 1991)). As the Court has explained to Defendant, his Sixth Amendment right to counsel attaches to his charged conduct in Texas. Order Denying Motion to Suppress, ECF No. 160. Defendant had no Sixth Amendment right to counsel regarding new conduct subsequently charged in New Mexico. *Id.* Defendant's eighth request is denied.

Defendant's ninth request is to reserve "admission of any statement offered against Mr. Jensen under Federal Rule of Evidence 801(d)(2)(E) until the Government makes the foundational findings of conspiracy, membership, and in-furtherance." Mot. at 3, ECF No. 196. The Court has scheduled a *James* hearing, ECF No. 201, based on Defendant's previous request, ECF No. 84, to address such statements. Defendant's ninth request is denied.

Defendant's tenth request is to hold a "pretrial *Daubert* / Rule 702 hearing." Mot. at 3, ECF No. 196. The Court scheduled one, ECF No. 201, based on Defendant's previous request, ECF No. 179. Defendant's tenth request is denied.

Defendant's eleventh request amounts to a request to honor Rule 704(b). *See* Mot. at 4, ECF No. 196. The Court will do so. Defendant's eleventh request is granted accordingly.

Defendant's twelfth request amounts to a request to honor Federal Rule of Criminal Procedure 16(a)(1)(G). *See id.* The Court will do so. Defendant's twelfth request is granted accordingly.

Defendant's thirteenth request is for the Court to bar "the use of any co-defendant's guilty plea as substantive evidence of Mr. Jensen's guilt, with contemporaneous limiting instructions where a testifying co-defendant's plea is admitted for credibility." Mot. at 4-5, ECF No. 196 (citing *United States v. Halbert*, 640 F.2d 1000, 1006-07 (9th Cir. 1981)). The Court will do so (1) in

4

accordance with *United States v. Woods*, 764 F.3d 1242, 1246 (10th Cir. 2014), which requires "the judge [to] give a limiting instruction informing the jurors that the plea may not be used as substantive evidence" and (2) in accordance with *United States v. Davis*, 766 F.2d 1452, 1456 (10th Cir. 1985), which permits the use of guilty pleas "for the jury to consider in assessing the codefendant's credibility as a witness" and "to show acknowledgement by the witness of participation in the offense" if the codefendant testifies. In accordance with the above, Defendant's thirteenth request is granted.

Defendant's fourteenth request is for the Court to bar the Government from "vouching for the credibility of the SOI/CS." Mot. at 5, ECF No. 196. Defendant cites nothing in support. *See id.* A counsel may not personally vouch for a witness. *See United States v. Young*, 470 U.S. 1, 18-19 (1985). Otherwise, both sides may elicit testimony about motive, bias, etc. in accordance with the Rules and Defendant's constitutional rights. Defendant's fourteenth request is denied in accordance with the above.

Defendant's fifteenth request is for the Court to exclude "wealth-and-lifestyle evidence." Mot. at 5, ECF No. 196 (citing *United States v. Cooper*, 286 F. Supp. 2d 1283, 1291 (D. Kan. 2003)). This amounts to a premature Rule 403 request. Defendant may make Rule 403 objections at the appropriate time. Defendant's fifteenth request is denied. *See supra* at 3. Defendant's sixteenth request is the same. It is denied.

Defendant's seventeenth request is for the Court to limit "Government case-agent testimony to percipient observations and barring summary-witness opinion testimony on industry practices, theft methodology, money laundering patterns, or other Rule 702 subject matter without a Rule 16(a)(1)(G) disclosure." Mot. at 5, ECF No. 196 (citing *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1259 (10th Cir. 2020). Defendant's seventeenth request is granted to the

extent it complies with *Cristerna-Gonzalez*. If testimony moves from Rule 701 to Rule 702 as explained in *Cristerna-Gonzalez*, 962 F.3d at 1259 (10th Cir. 2020), the Government will be required to comply with appropriate disclosures.

Defendant's eighteenth request is for the Court to require "the Government to lay foundation under Federal Rule of Evidence 901 before publishing any audio, video, or digital evidence to the jury." Mot. at 5, ECF No. 196 (citing *United States v. Jones*, 730 F.2d 593 (10th Cir. 1984). To the extent Defendant's request is for the Court to ensure compliance with Rule 901, it is granted. Defendant may object to foundation in accordance with the Court's orders.

Defendant's nineteenth request amounts to a request to honor Rule 604. *See* Mot. at 6, ECF No. 196. The Court will do so. Defendant's nineteenth request is granted.

Defendant's twentieth request is for the Court to invoke "[Rule] 615 sequestration" and limit "the Government to one case-agent representative under Rule 615(a)(2)." *Id.* The Government argues the former is a premature request and the latter should be granted only subject to the Government's right to request exemptions. Resp. at 12-13, ECF No. 203. The Court grants the former request and invoke Rule 615 sequestration. As to the latter, the Court will entertain the Government's requests for exemptions as needed and the Court denies Defendant's request accordingly.

Defendant's twenty-first request amounts to a request to honor Rule 1006. *See* Mot. at 6, ECF No. 196. The Court will do so for materials subject to Rule 1006. Defendant's twenty-first request is granted accordingly.

Defendant's twenty-second request is for the Court to bar "comment on or elicitation of testimony about Mr. Jensen's exercise of the right to silence" and "use of his post-arrest, post-

Miranda silence for impeachment." *Id.* The Court will ensure the Government adheres to *Doyle v. Ohio*, 426 U.S. 610, 618-19 (1976). Defendant's twenty-second request is granted accordingly.

Defendant's twenty-third request is for the Court to bar "lay and law-enforcement witnesses from characterizing the crude oil at issue as 'stolen,' 'stolen property,' or 'converted' — as those are legal conclusions reserved for the jury." Mot. at 6, ECF No. 196. The Government argues that the above terms are not legal conclusions but ordinary English and that "a categorical ban would also create unnecessary confusion and awkward euphemisms." Resp. at 9, ECF No. 203. The Court generally agrees with the Government.

The Court will not allow testimony that presents legal conclusions about the charged counts. But it will permit normal discussion of observations by lay witnesses and law enforcement. If, for example, a witness must differentiate between two quantities of oil, one of which was obtained illicitly based on the witness's first-hand knowledge, it would be reasonable for the witness to refer to one quantity as stolen. Defendant's twenty-third request is denied but Defendant may raise specific Rule 403 objections when appropriate.

Defendant's twenty-fourth request amounts to a request to adhere strictly to the Federal Rule of Criminal Procedure 16 discovery timeliness requirements. *See* Mot. at 6, ECF No. 196. The Court will ensure adherence to Rule 16 but will entertain requests for late discovery as appropriate per Rule 16(d). Defendant's twenty-fourth request is denied accordingly.

Defendant's twenty-fifth request is for the Court to preserve "Mr. Jensen's Rule 403 objections as to cumulative evidence on any subject." Mot. at 6, ECF No. 196. The Court will enforce Rule 403 and Defendant may make Rule 403 objections as appropriate. Defendant's twenty-fifth request is granted accordingly.

Defendant's twenty-sixth request is for the Court to grant "contemporaneous limiting instructions where any of the foregoing relief is granted in part rather than entirely." Mot. at 6, ECF No. 196. In addition to this order, the Court will issue limiting instructions as appropriate at trial or otherwise. The Court will not issue blanket limiting instructions on issues more appropriately addressed at a later time. Defendant's twenty-sixth request is denied accordingly.

Defendant's twenty-seventh request is for the Court to rule "on the dispositive evidentiary issues raised by Sections A through E *supra* before voir dire begins." Mot. at 7, ECF No. 196. (citing Fed. R. Crim. P. 12(c)). The Government argues this request, and the next three requests, "should be denied to the extent they seek relief beyond the Federal Rules." Resp. at 14, ECF No. 203. The Court agrees. The Court will adhere to Federal Rule of Criminal Procedure 12(c) as appropriate. Defendant's twenty-seventh request is denied accordingly.

Defendant's twenty-eighth request is for the Court to reserve "Mr. Jensen's right to renew this Motion on the trial record and to seek further relief, including severance under [Federal Rule of Criminal Procedure] 14(a), should the Court's evidentiary rulings render a fair joint trial impracticable." Mot. at 7, ECF No. 196. Defendant has a right to renew his request to sever and the Court will grant his request if circumstances warrant. *See* Fed. R. Crim. P. 14 advisory committee's note to 1966 amendment. Defendant's twenty-eighth request is granted accordingly.

Defendant's twenty-ninth request is for the Court to join to Defendant's Motion and "incorporate[e] by reference any parallel in limine motion filed by a co-defendant to the extent consistent with the positions taken herein." Mot. at 7, ECF No. 196. The Court assumes Defendant wishes to latch on to better arguments made by his co-defendants. As written, however, this request amounts to asking to incorporate synonymous requests, which is redundant. Defendant's twenty-ninth request is denied accordingly.

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion in Limine, ECF No.

196, is **GRANTED IN PART** and **DENIED IN PART**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE